UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHAUNA CROCKETT-JOHNSON,

      Plaintiff,                           Case No. 3:18-cv-219

vs.

COMMISSIONER OF SOCIAL SECURITY,     Magistrate Judge Michael J. Newman
                                          (Consent Case)
      Defendant.

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

_____

        This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 5),[2] and the record as a whole.

## I.

### A.     Procedural History

        Plaintiff filed for DIB and SSI alleging a disability onset date of May 1, 2014. Tr. 99. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, major depressive disorder, panic disorder, and post-traumatic stress disorder ("PTSD"). Tr. 41.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the Transcript (Tr.) number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Deborah F. Sanders on July 17, 2017. Tr 34-73. The ALJ issued a written decision on September 28, 2017 finding Plaintiff not disabled. Tr. 15-26. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" Tr. 21-26.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Tr. 1-3. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.      Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (Tr. 15-26), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.      Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R.  § 404.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.    "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.    Has the claimant engaged in substantial gainful activity?;

2.    Does the claimant suffer from one or more severe impairments?;

3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.     Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing the medical source opinions of record. Doc. 9 at PageID 859. As explained more fully herein, the undersigned agrees with Plaintiff's assignment of error and orders a remand on that basis.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still

determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Plaintiff's psychiatrist, Jeffrey Bishop, M.D., authored a medical opinion on September 26, 2016 regarding her mental RFC. Tr. 616-17. Dr. Bishop noted that he treated Plaintiff seven times per month at thirty to sixty-minute-long sessions during which he observed instances of "high level of anxiety, difficulty with concentration, psychomotor agitation, anhedonia, depressed mood, and withdrawal." Tr. 616. Secondary to a diagnosis of bipolar disorder and panic disorder, Dr. Bishop

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

opined that Plaintiff had "extreme"[5] limitations in maintaining social functioning and in concentration, persistence, or pace; had "marked" limitation in episodes of deterioration or decompensation at work; and, ultimately, that she would be absent more than three times a month due to her impairments or treatment for the same. *Id.*

Despite the deference owed to Dr. Bishop's treating opinion, the ALJ determined it could be afforded "no weight." Tr. 20. In reaching this conclusion, the ALJ reasoned:

> Although Dr. Bishop is the claimant's psychiatrist, this opinion is not given controlling weight. Although the claimant has marked issues with social functioning due to an inability to tolerate crowds, his record indicates she is doing reasonably well, she has had no hospitalizations for mental health issues, and she reported she has had these issues since age 16 and was able to work. After leaving the workforce, she related spending her time ferrying her children to sporting events and involving herself in dog rescue causes. Mental status examinations conducted at Mahajan Therapeutic indicate at most the persistence of some mild anxiety, but her medications are noted to be effective and no other major psychological deficits are noted. Other medical records in the file indicate the claimant repeatedly presents with a normal mood and affect.

*Id.* (internal citations omitted).

While the ALJ correctly analyzed whether Dr. Bishop's opinion was consistent with other substantial evidence in the record, error lies in the ALJ's failure to conduct the second part of the controlling weight test. Indeed, "[a] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at *9. Rather, Dr. Bishop's opinion was still entitled to deference, and the ALJ was required to assess Dr. Bishop's opinion under all the factors enumerated in 20 C.F.R. § 404.1527. *Blakley*, 581 F.3d at 408. These factors include the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the record as a whole, and other factors which tend to support or

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(6). The ALJ's analysis is patently devoid of any discussion of these factors. Tr. 20. This Court has made clear that such an omission constitutes error. *Riopelle v. Comm'r of Soc. Sec., No.* 1:18-cv-009, 2019 U.S. Dist. LEXIS 13247, at *36-37 (S.D. Ohio Jan 28, 2019); *Puckett v. Comm'r of Soc. Sec.,* No. 1:10-cv-528, 2011 U.S. Dist. LEXIS 106068, at *37-41 (S.D. Ohio Aug. 11, 2011); *Carroll v. Astrue*, No. 1:09-cv-2580, 2010 U.S. Dist. LEXIS 140643, at *10-13 (S.D. Ohio Jan. 28, 2010); *Barcelona v. Astrue*, No. 3:06-cv-382, 2008 U.S. Dist. LEXIS 7682, at *5 (S.D. Ohio Feb. 1, 2008).

Nor is Dr. Bishop's opinion "so patently deficient that the Commissioner could not possibly credit it" to excuse the ALJ's failure in this case. *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 547 (6th. Cir. 2004). For instance, Dr. Bishop's own treatment records consistently document anxious or depressed moods. Tr. 585-92. Moreover, while the Commissioner relies heavily on the contrast between Plaintiff's daily activities and Dr. Bishop's opinion, *see* tr. 20, the record demonstrates that Plaintiff volunteered only once a week, but "continue[d] to isolate." Tr. 329. Even so, "these somewhat minimal daily functions are not comparable to typical work activities." *Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 248 (6th Cir. 2007). The record also undermines the ALJ's assertion that Plaintiff experienced these same symptoms since age sixteen. Tr. 20. Plaintiff testified to the contrary -- that she experienced an increase in symptoms in 2014, necessitating her then-treating psychiatrist, Dr. Ahmed, to write a note prescribing a short-term disability for her. Tr. 57. Therefore, substantial evidence does not support the ALJ's analysis and, the ALJ's error was not harmless.

Finally, the undersigned notes that the ALJ's summary dismissal of the treating physician's opinion stands in stark contrast to her uncritical acceptance of the opinions written by the state agency record reviewing physicians. Tr. 20-21. ALJs are not permitted to apply greater scrutiny to a treating-source opinion than a non-treating source. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013). Such was not the case here, where the ALJ's conclusory assessment of the

record reviewers' opinions failed "to give a meaningful explanation of any of the required 20 C.F.R. § 404.1527(c) factors," which "evidences application of 'greater scrutiny' to the opinion[] given by [the] treating source[]." *Marks v. Colvin*, 201 F. Supp. 3d 870, 884 (S.D. Ohio 2016) (citing *Gayheart*, 710 F.3d at 380).

Having failed to properly conduct a controlling weight analysis, and having applied greater scrutiny to non-treating opinions, the ALJ committed reversible errors. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (Even where "substantial evidence otherwise supports the decision of the Commissioner ... reversal is required [where] the agency failed to follow its own procedural regulation").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits.   The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing."   42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).   Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."   *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).   In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  7/26/2019                                    s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge